By the Court.—Truax, J.
The plaintiffs alleged amongst other things, that the defendant undertook and agreed to transfer to the plaintiffs certain petroleum certificates for 43,000 barrels, on which the firm of Hilton & Waugh had obtained a loan from the defendant, and that the defendant agreed that these certificates known as tide-water certificates, should be certificates of the United Pipe Line, with storage thereon paid to the date of the transfer; that defendants failed to perform its said agreement, in that it did not transfer to the plaintiffs United Pipe Line certificates with storage charges paid thereon, but on the contrary transferred to plaintiffs certificates, known as tide-water certificates, upon which there were accumulated storage charges in the amount of $2,924.35; and that by reason of such violation of its agreement the plaintiffs have suffered damages in the said sum of $2,924.35.
The defendant denied these allegations. The referee to whom the action was referred did not find as a matter of fact that such an agreement was made, but he found in substance that under and according to the rules of the Clearing House and of the Petroleum Exchange, and the *285 custom of the members thereof and brokers, all deliveries of oil were required to be in oil that had all storage charges paid to the date of such delivery, and that of such rules and custom the defendant was aware at such times.
He also found that at the request of the firm of Hilton & Waugh, who were then the owners of the oil, and who had hypothecated the oil with the defendant, and at the request of the plaintiffs, the said defendant on or about the 15th day of May 1884, undertook and agreed to transfer and deliver to the plaintiffs from the certificates so hypothecated with it by Hilton & Waugh, certificates to the amount of 43,000 barrels of oil, which under the custom above mentioned necessarily Avould be United Pipe Line certificates, and have storage charges thereon paid to the date of such delivery or transfer.
It was on this finding of custom that the referee ordered judgment for the plaintiff.
The weight of the evidence tends to show that at the time the defendant was requested to make the transfer nothing was said about the kind of oil, and the term “ regular ” was not used at all.
It is true that one of the witnesses for the plaintiff testified that in a conversation with Mr. Nelson, the cashier of the defendant, he said: “ This is to be regular United Oil; ” to which Mr. Nelson replied, saying : “ It will be all right, Mr. Otters'tatter. Everything Avill be satisfactorily arranged.” But I am of the opinion that all the evidence on this point would not warrant the referee in finding that the defendant agreed to deliver plaintiffs oil, on which all charges had been paid.
There is no evidence that the defendant was a member of the Petroleum Exchange. The presumption is that it was not a member, and not being a member of the Exchange it Avould not be bound by the rules of the Exchange.
What was the custom of the members of the Petroleum Exchange and brokers was immaterial. When act *286 ing as a bank the defendant was not bound by the Clearing House rules of the Petroleum Exchange, nor was it bound by the custom of members of the Exchange or of brokers. All that it was required to do in the absence of an express agreement to do otherwise, was to deliver the oil to the plaintiffs in the condition in which the oil was at the time it promised to make the delivery. At that time these charges were oir the oil.
It was the duty of the plaintiff to ascertain whether the oil was or was not “ regular.” At least, I cannot see that the defendant was under any obligation to make the oil “regular” by paying the Pipe Line charges on it.
It is not necessary for us to determine whether or not this finding of the custom of brokers was warranted by the pleadings, as the evidence on that point was admitted without objection.
We are of the opinion that the judgment should be reversed and a new trial ordered, with costs to the party who finally prevails in the action.
Sedgwick, Ch. J., and Dugro, J., concurred.